IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

WAYMON PUGH,                         )
                                     )
           Plaintiff,                )
                                     )
     v.                              )     CIVIL ACTION NO. 1:05CV456-SRW
                                     )              (WO)
JO ANNE B. BARNHART, Commissioner    )
of Social Security,                  )
                                     )
           Defendant.                )

## MEMORANDUM OF OPINION

Plaintiff Waymon Pugh brings this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) seeking judicial review of a decision by the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits and Supplemental Security Income under the Social Security Act. The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). Upon review of the record and briefs submitted by the parties, the court concludes that the decision of the Commissioner is due to be reversed.

## BACKGROUND

On April 23, 2003, plaintiff filed an application for disability insurance benefits and Supplemental Security Income. On October 14, 2004, after the claim was denied at the initial administrative levels, an ALJ conducted an administrative hearing. The ALJ rendered a decision on January 14, 2005. The ALJ concluded that plaintiff suffered from the severe impairments of "severe obstructive sleep apnea, obesity, Type II diabetes mellitus,

hypertension, and personality disorder, NOS." (R. 21). He found that plaintiff's impairments, considered in combination, did not meet or equal the severity of any of the impairments in the "listings" and, further, that plaintiff retained the residual functional capacity to perform his past relevant work. Thus, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act. On March 17, 2005, the Appeals Council denied plaintiff's request for review and, accordingly, the decision of the ALJ became the final decision of the Commissioner.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The court does not reweigh the evidence or substitute its judgment for that of the Commissioner. Rather, the court examines the administrative decision and scrutinizes the record as a whole to determine whether substantial evidence supports the ALJ's factual findings. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Substantial evidence consists of such "relevant evidence as a reasonable person would accept as adequate to support a conclusion." Cornelius, 936 F.2d at 1145. Factual findings that are supported by substantial evidence must be upheld by the court. The ALJ's legal conclusions, however, are reviewed *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. Davis, 985 F.2d at 531. If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. Cornelius, 936 F.2d at 1145-46.

2

## DISCUSSION

The plaintiff challenges the Commissioner's decision, arguing that the ALJ erred by: (1) failing to evaluate and classify plaintiff's past work properly ; (2) ignoring limitations placed on plaintiff by state agency physicians; and (3) failing to refute the opinion of Dr. Hargrove with regard to plaintiff's mental limitations properly.   The court agrees that the ALJ failed to evaluate plaintiff's past relevant work properly and that this action is due to be remanded.[1]

The ALJ rendered a step-four decision in this case, finding that plaintiff is able to perform his past relevant work as a "food service worker" or "poultry helper."  (R. 22, Finding No. 8).   A step four decision may be based on a conclusion that the plaintiff "retains the capacity to perform the particular functional demands and job duties peculiar to an individual job as he . . . actually performed it."  SSR 82-61.  It may instead be based on a determination that "the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy." Id.  "The Dictionary of Occupational Titles (DOT) descriptions can be relied upon – for jobs that are listed in the DOT – to define the job as it is usually performed in the national economy." Id.

Food Service Worker.  Plaintiff argues that there is no evidence that the plaintiff worked as a "food service worker," or as a "Food Assembler, Kitchen," the DOT classification relied on by the ALJ.  (Plaintiff's brief, pp. 3-8).   Plaintiff did not list "food

---

[1] For this reason, the court does not address plaintiff's remaining arguments.  The court anticipates that the ALJ will consider them on remand.

service worker" on his work history report.  (See Work History Report, R. 85-93 (including no job description regarding work in a kitchen or dining facility); see also R. 64 (listing jobs titles of "chicken processing laborer," "laborer," "military active duty," and "trash collection")).  As plaintiff notes, the record includes a note from a medical provider that plaintiff "was with the 94th Bravo Food Service" when he served in Iraq for one month in 1991.  (R. 176).  However, the record includes no description of the actual duties plaintiff performed for the military unit and no indication that he worked preparing or assembling meals.  The Commissioner appears to concede that plaintiff did not have past relevant work as a food service worker.  (Defendant's brief, p. 4)(offering no argument on the food service worker job and stating, "Even if Plaintiff did not have past relevant work as a food service worker, the ALJ also found that he could perform his past relevant work as a poultry farm worker/chicken processor[.]").  The ALJ's determination that plaintiff is capable of performing his past relevant work as a "food service worker" is not supported by substantial evidence.

Poultry helper.  In the disability report submitted in support of his application, plaintiff indicated that he worked as a "chicken processing laborer" at a chicken processing plant from 1992 until 1998.  (R. 64).  In this job, he "used a shovel and a pick to distribute ice throughout the plant."  (R. 65).  In his decision, the ALJ made no findings regarding the demands of plaintiff's chicken processing job as plaintiff actually performed it, choosing instead to rely on a DOT description of the position of "poultry farmworker" as that job is performed in the national economy.  The problem with the ALJ's analysis is that he chose

a DOT classification which does not describe the duties and requirements of the type of work previously performed by the plaintiff.  The DOT description for Poultry Farmworker, DOT # 411.584.010, is as follows:

> Performs any combinations of following duties concerned with raising poultry for eggs and meat: Removes chicks from shipping cartons and places them in brooder houses. Cleans and fills feeders and water containers. Sprays poultry houses with disinfectants and vaccines. Inspects poultry for diseases and removes weak, ill, and dead poultry from flock. Collects eggs from trap nests, releases hens from nests, and records number of eggs laid by each hen. Packs eggs in cases or cartons; selects, weighs, and crates fryers and pullets; and records totals packed or crated on shipping or storage document. Maintains feeding and breeding reports. Monitors feed, water, illumination, and ventilation systems; and cleans, adjusts, lubricates, and replaces systems parts, using handtools. May cut off tips of beaks. May be designated according to type of farm or product as Farmworker, Brooder Farm (agriculture); Farmworker, Chicken Farm (agriculture); Farmworker, Egg-Producing Farm (agriculture); Farmworker, Fryer Farm (agriculture); Farmworker, Pullet Farm (agriculture); Farmworker, Turkey Farm (agriculture).

This job bears no relation to the "chicken processing laborer" job described by plaintiff, other than that both jobs have something to do with chickens.  Thus, the ALJ's conclusion that the plaintiff retains the residual functional capacity to perform the poultry farmworker job described in the DOT does not, in turn, support a finding that plaintiff is able to perform his "past relevant work," *i.e.*, "the kind of work he . . . has done in the past."  See SSR 82-61; see also Thomas v. Apfel, 22 F.Supp.2d 996 (S.D. Iowa 1998)(noting that "[t]o determine what a typical job description is in the 'national economy,' an ALJ may take notice of job information in the DOT," but finding error because the job described by the DOT classification chosen by the ALJ "require[d] more vocational preparation than Plaintiff had undertaken" and, thus, "the job described by the DOT was not part of Plaintiff's past relevant

work."); Marshall v. Barnhart, 228 F.Supp.2d 938 (S.D. Iowa 2002)(ALJ's step four decision that plaintiff could return to her past relevant work as a "teacher's aide" as described in the DOT not supported by substantial evidence where, *inter alia*, plaintiff's previous work involved only "rocking babies" and not the myriad duties described in the DOT classification); Lohse v. Shalala, 28 F.3d 113, 1994 WL 263699 (10th Cir. 1994)("When the ALJ relies on a job description in the *Dictionary of Occupational Titles*, to determine how that job is usually performed in the national economy . . . the ALJ must develop the record concerning the requirements of the claimant's past relevant work sufficiently to ascertain what job listing in the *Dictionary of Occupational Titles* matches the claimant's past relevant work. If the vocational and disability reports the claimant submits are not sufficient to match the claimant's past relevant work with a job description in the *Dictionary of Occupational Titles*, then the ALJ must develop testimony from the claimant at the hearing or obtain further information from the claimant's employers.")(unpublished opinion)(footnote omitted).  In this case, the ALJ's determination that plaintiff could return to his past relevant work was erroneous as a matter of law.[2,3]

―――――――――――――――――――

[2] The court does not intend to suggest that the ALJ cannot find, on remand, that plaintiff is capable of performing his past relevant work. On remand, the ALJ may support a step four decision by developing the record sufficiently to make a finding regarding the demands of plaintiff's work as he actually performed it, by taking testimony from a VE regarding the demands of plaintiff's past relevant work, or by selecting a DOT classification that corresponds with plaintiff's past work.

[3] The chicken processing laborer job, according to plaintiff's description of the job in the disability report, required that he stand for five hours per day, walk for three hours, and sit for zero hours.  (R. 65).  The ALJ did not question plaintiff regarding the duties of his past work and there is no additional evidence regarding the demands of this job.  In his RFC determination, the ALJ concluded that plaintiff "can stand and walk up to six hours total in an entire eight-hour workday." (R. 15).  Thus, the present record would not support a conclusion that plaintiff retained the residual

**CONCLUSION**

Upon review of the record as a whole, the court concludes that the decision of the Commissioner is due to be REVERSED and this action REMANDED for further proceedings.

Done, this 17th day of November, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

functional capacity to perform his past relevant work as a chicken processing laborer as plaintiff actually performed that job.  See Fries v. Commissioner of Social Security, 2006 WL 2640727, *4 (11th Cir. Sept. 14, 2006)("To support a conclusion that the claimant is able to return to her past relevant work, the ALJ must consider all the duties of that work and evaluate the claimant's ability to perform them in spite of her impairments.")(citation omitted).